**UNITED STATES of America, Plaintiff,**

**v.**

**LOT 3 OF CEDAR HILL OFFICE PARK, FAIRFAX, VIRGINIA, Together With All of the Improvements Thereon and the Appurtenances Thereunto Belonging, with a Street Address of 2216 Gallows Road, Dunn Loring, Virginia 22027; and the Owner, Third Cedar Hill Limited Partnership, as Trustee and Managing General Partner for Cedar Hill III Joint Venture; and the Owner's Lender, John Hancock Mutual Life Insurance Company, a Massachusetts Corporation; and the Lender's Trustees, Robert E. Glenn, Resident of Fairfax County, Virginia, and Bryan J. Tomasek, a Resident of Arlington County, Virginia, Defendants.**

Civ. A. No. 94–1230–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 22, 1995.

As Amended Aug. 8, 1995.

Helen Fahey, U.S. Atty., Richard Parker, Asst. U.S. Atty., Alexandria, VA, for plaintiff.

Wayne G. Travell, Tucker, Flyer, Sanger & Lewis, Washington, DC, John Thorpe Richards, Holland & Knight, Washington, DC, for defendants.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court on plaintiff's and defendants' motions in limine. The plaintiff, through the General Services Administration (GSA) entered into a five-year lease with the then owner of the Cedar Hill 3 building for the use and occupancy of the building by the State Department. Occupancy was to begin on September 15, 1989 and end on September 14, 1994. On the date the lease was executed, February 15, 1989, the Cedar Hill 3 building had not yet been built. The building was to be built to government specifications for the specific needs of the State Department which was to be the only user of the space. The special requirements for the building had been discussed with the owner and previously set forth in the Solicitation for Offers (SFO) and Amendment 1 to the SFO, which was incorporated into the lease. The building was to be used as a State Department security personnel training facility, which required specialized build-out such as classrooms, an auditorium, an oversized physical health workout area, and other features not normally found in a typical office building. The SFO provided that the landlord would construct the special build-out features and the government would pay the costs of the build-out, in either a lump sum payment or by amortizing the cost over the initial lease period.

■ As the time for expiration of the initial lease approached, the parties were unable to negotiate a new lease. The lease expired on September 14, 1994, and the government filed a declaration of taking on September 15, 1994 along with a deposit of $2,244,000.00 as estimated just compensation. On January 6, 1995, John Hancock Insurance Company, Cedar Hill's lender, foreclosed on the property and became the new owner. The plaintiff and the defendants filed motions in limine seeking a ruling on several issues with regard to the calculation of the compensation John Hancock should receive. The primary issue is whether the compensation figure should be calculated based on the fair market value of the property in its unimproved state or whether the compensation should include the value of the improvements. This opinion addresses that question and reserves ruling on the other issues presented in the parties' motions in limine until the time of trial.

■ The Lease provides that the government "shall have the right during existence of this lease to make alterations, attach fixtures, and erect structures or signs in or upon the premises hereby leased, which ... shall be and remain the property of the Government...." The Government maintains that under this provision the building improvements at issue are owned by the Government. John Hancock argues that the these improvements do not constitute "alterations" and are therefore not the property of the Government. Whether the improvements constitute "alterations" or not, where the United States condemns an estate to which it has added improvements, in order to arrive at a figure which is " 'just, not merely to the individual whose property is taken, but to the public which is to pay for it,' " the

court must "determine the value of the land taken in its unimproved state." *Washington Metro. Area Transit Authority v. One Parcel of Land in Fairfax County, Virginia,* 780 F.2d 467, 472 (4th Cir.1986) (*quoting Bibb County, Georgia v. United States,* 249 F.2d 228, 231 (5th Cir.1957)). This rule ensures that the owner does not reap a windfall in condemnation proceedings for improvements paid for previously by the government. Were the rule otherwise, the government would be paying twice for improvements made to the property.

On February 15, 1989, GSA entered into the five-year lease with the then-owner of the property. Although the previous landlord, not the government, was responsible for the actual construction of the improvements, a review of the relevant documents indicates that the government did contract to pay for the building improvements during the initial lease. The Cedar Hill 3 building did not exist when this agreement was reached. At government expense, the building was constructed to plaintiff's specifications after execution of the lease pursuant to the SFO. Accordingly, the Court finds that United States has already paid for the existing improvements and the value of the those improvements should not be included in the calculation of just compensation.

An appropriate order shall issue.

### ORDER

This matter came before the Court on plaintiff's and defendants' motions in limine seeking, in part, an order regarding the valuation of property. For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the government is entitled to a calculation of just compensation that does not include the value of the improvements for which it has previously paid.